John A. **CONCORDIA,**
**Plaintiff-Appellant,**

v.

The **UNITED STATES POSTAL SERVICE, an executive sub-division of the United States of America, Defendant-Appellee.**

**Nos. 76–3662, 76–3587.**

United States Court of Appeals,
Fifth Circuit.

Oct. 3, 1978.

Rehearing Denied Dec. 4, 1978.

---

Rossman & Baumberger, Miami, Fla., for plaintiff-appellant in No. 76–3587.

Jack V. Eskenazi, U. S. Atty., Miami, Fla., for defendant-appellee in No. 76–3587.

John F. Cordes, Jr., Ronald R. Glancz, Attys., Barbara Allen Babcock, Asst. Atty. Gen., Appellate Section, Civil Div. Dept. of Justice, Washington, D. C., for defendant-appellee in Nos. 76–3587 and 76–3662.

Robert Orseck, Joel D. Eaton, Stephen F. Rossman, Miami, Fla., for plaintiff-appellant in Nos. 76–3587 and 76–3662.

Robert W. Rust, U. S. Atty., Miami, Fla., for defendant-appellee in No. 76–3662.

Before BROWN, Chief Judge, and THORNBERRY and CLARK, Circuit Judges.

JOHN R. BROWN, Chief Judge:

John Concordia, a federal employee, sued the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 1346,[1] 2671 *et seq.*, alleging that the negligence of other employees had caused him to have an accident and suffer serious injuries. The District Court found that plaintiff's claim presented a substantial question of coverage under the Federal Employees' Compensation Act (FECA), 5 U.S.C.A. § 8101 *et seq.*[2] and, dismissing the suit, concluded

1. § 1346. United States as defendant

     \*     \*     \*     \*     \*     \*

   (b) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2. § 8102. Compensation for disability or death of employee

   (a) The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained *while in the performance of his duty*, . . . . .

that he would have to seek relief through the Secretary of Labor. While we agree with the District Judge's finding, we reinstate the suit and order that it be held in abeyance pending final administrative determination by the Secretary of whether the FECA covers this claim.

Concordia's story[3] began on September 29, 1973, when, while on the job as a United States Postal Service employee, he lost consciousness of his actions as a side effect of medication he was taking. Although his co-workers apparently knew of his helpless condition, they allowed him access to his car. On his way home, plaintiff lost control of his car, crashed, and suffered serious injuries requiring him to incur considerable medical expenses.

Plaintiff then instituted this action[4] under the FTCA, claiming (1) that defendant had breached its duty of reasonable care to the plaintiff and (2) that at the time of the accident, plaintiff was not engaged in the performance of his duties of employment with the United States Postal Service. The Government moved to dismiss on the ground that plaintiff's sole remedy lay in the FECA and that the Court thus lacked jurisdiction over the subject matter.[5] Applying the test this Court announced in *Bailey v. United States Through Department of Army*, 5 Cir., 1971, 451 F.2d 963, 966, the District Judge found that Concordia's allegations presented a "substantial question of coverage" under the FECA and dismissed the suit without prejudice.[6]

On appeal[7] Concordia argues that his claim indisputably falls outside the scope of the FECA. Reasoning that a tort is complete only when the injury has occurred,[8] he insists that his *accident* rather than his co-workers' breach of duty must be the event that determines whether the FECA applies. He maintains that no interpretation of the language of the statute, which provides a remedy for "injur[ies] sustained while in the performance of his duty,"[9] can bring his after-work injury within its coverage.

The Government, on the other hand, maintains that the FECA applies to all job-related injuries and that through application of the doctrine of "delayed-action" injuries,[10] Concordia's accident was at least arguably job-related. Since, the government argues, the Secretary *may* find FECA coverage of plaintiff's claim, the Court

(Emphasis added).

3. All we know of plaintiff's plight comes from the allegations in his complaint. Since his case has not gone to trial, we have no proved record, and consequently the "facts" we recite here are merely plaintiff's claims. We can, however, as did the District Judge, determine whether on the basis of the alleged facts a substantial question of compensation coverage is involved here.

4. Concordia first filed suit against the United States Postal Service. With leave of the District Court, he later substituted the United States of America as defendant.

5. Defendant also asserted other grounds for dismissal, none of which are before us today.

6. As we stated earlier, the District Judge concluded that his finding of "substantial coverage" necessarily required Concordia to seek his relief from the Secretary of Labor.

7. Plaintiff sought review of the District Court's original order of dismissal, and the appeal was docketed here as No. 76–3587. Since he was unsure that the original order was final and appealable, plaintiff moved the District Court to issue a final judgment of dismissal. His second appeal, from that judgment, is docketed here as No. 76–3662. The two appeals have been consolidated for all appellate purposes by this Court.

8. The plaintiff cites Prosser, The Law of Torts, § 80, page 143 *et seq.* (1941).

9. See notes 1 and 2, *supra.*

10. According to the Government's brief,

a 'delayed-action' injury is one in which the originating cause of the injury 'occurs entirely within the time and place limits of the employment,' but the injury itself takes place 'at a time and place remote from the employment.'

See generally 1 A. Larson, *The Law of Workmen's Compensation*, Sec. 29.22, p. 5–307.

The Government also observes that "the Board has specifically indicated its willingness to apply in appropriate FECA cases the principles of 'delayed-action' injuries advocated in the Larson treatise (discussed, *supra*). *In the Matter of Randolph Holmes*, 21 E.C.A.B. 262 (1970)." Brief of appellee at 13.

*must* defer to administrative expertise and judgment.

Our function in reviewing this case is defined in *Bailey v. United States Through Department of Army, supra.* In that case an employee of the Army laundry was injured in a collision on the military base with a military truck as she was driving home from work. She filed suit under the FTCA, seeking damages for the injuries she had suffered as a result of the collision. Although the Government argued at trial that plaintiff should have filed a claim under the FECA, the District Court held that there was no substantial question that plaintiff was not in the performance of her duty as a laundry employee. Accordingly the Court entered judgment for the plaintiff.

We affirmed the judgment. In framing the issue before it, the Court stated that

[i]t is readily apparent that the injured federal employee may not bring an action against the United States under the Federal Tort Claims Act, supra, when there is a substantial question as to whether or not the injury occurred in the performance of the employee's duty. *Somma v. United States*, 3 Cir. 1960, 283 F.2d 149. Before such an action may be maintained, the employee must first seek and be denied relief by the Secretary of Labor, acting in his capacity as administrator of the FECA. On the other hand, if no

substantial question of FECA coverage is presented, the employee may prosecute his tort claim without first applying to the Secretary of Labor. The issue before this court, therefore, is whether the district court was correct in holding that Mrs. Bailey's injury did not raise a substantial question of coverage within the provisions of the FECA.

After considering and rejecting the strict "premises" rule [11] that the Government proposed, and adopting instead a totality of the circumstances approach, *supra* at 966–67, the *Bailey* Court concluded that although the collision occurred on government property, that fact was not enough among the other circumstances [12] to create a substantial question of coverage. *Supra* at 967–68.

As we read *Bailey*, then, to avoid sending the case to the Secretary of Labor, we must essentially decide as a matter of law that, viewing all of the circumstances, the Secretary could not find FECA coverage of Concordia's claim.[13] We do not think we can make such a determination. First of all, since we have not found any other case that presents facts identical to those here, we cannot be absolutely sure of what action the Secretary would take. Moreover, although the "delayed-action" cases are not totally analogous, they at least provide an arguable basis for the Secretary's finding coverage here.[14] Faced with such a

---

11. The "premises rule," according to the *Bailey* Court, "would, in effect, preclude an initial judicial determination of FECA coverage whenever one federal employee, going to or coming from work, was injured by another federal employee while on government property." *Supra* at 966.

12. As the Court described the situation,

[a]t the time of the collision Mrs. Bailey had completed her work day; she had departed from the job site in her privately-owned automobile; and she was traveling home on a street which was apparently open to all persons authorized to be on the Army base. She was not under any supervision from her employer, and the driving of the automobile was not an activity connected to the usual hazards of laundry work. See *Walker v. United States*, D.Alaska, 1971, 322 F.Supp. 769. Absent any showing that the street traveled by Mrs. Bailey was a "zone of special danger" incident to her laundry em-

ployment, we hold that the location of the collision in this case was a small import and no substantial question of FECA coverage is raised by the fortuitous circumstance that the street was owned by the federal government.

*Bailey, supra* at 967–68.

13. Judge Clark, dissenting in *Bailey, supra* at 968, would have preferred that the Secretary make even the determination of substantiality. The majority made clear, however, that we must accept this initial responsibility before deferring to the Secretary.

14. The Government has cited several state workers' compensation cases that have found "delayed-action" injuries compensable. *E. g., McCarty v. Workmen's Comp. App. Bd.*, 12 Cal.3d 677, 117 Cal.Rptr. 65, 527 P.2d 617 (1974); *Mississippi Research and Development Center v. Dependents of Shults*, 287 So.2d 273 (Miss.Sup.Ct.1973); *Thornton v. Chamberlain*

situation, it would be unwise for us to prevent the Secretary from even considering the case.

Secondly, 5 U.S.C.A. § 8128(b) [15] precludes judicial review of the Secretary's action in allowing or denying payment under the FECA. It stands to reason, therefore, that if we cannot correct what we deem to be errors in the Secretary's determination, we should not be able to deny him the opportunity to make such decisions unless we are certain that he would find no coverage.

Finally, although *Bailey* holds that there will be some cases in which we *will* be assured that the Secretary would deny FECA relief, that case does not offer precedent for our doing so here. The circumstances surrounding Mr. Concordia's injury are much more closely related to his em-

*Mfg. Corp.*, 62 N.J. 235, 300 A.2d 146 (1973); *Daniello v. Machise Express Co.*, 119 N.J.Super. 20, 289 A.2d 558 (Cty.Ct., 1972), aff'd, 122 N.J.Super. 144, 299 A.2d 423 (App.Div.1973).

While admitting that the typical compensation statute makes compensable injuries "arising out of and in the course of employment," the Government points out that the Employees' Compensation Appeals Board of the United States Department of Labor has consistently held that the "while in the performance of . . . duty" standard of the FECA is synonymous with the typical "arising out of and in the course of employment" standard. *See, e. g., In the Matter of Estelle M. Kasprzak,* —— E.C.A.B. ——, ——, Docket No. 76–44 (March 10, 1976), Slip. op. at 2.

Appellant disputes the applicability of the "delayed-action" cases to his situation. He argues that in those cases the on-the-job breach of duty was the *direct* cause of the complainant's injury, and that here, it is only the proximate cause. The E.C.A.B., however, has not made this distinction. In *In the Matter of Randolph Holmes, supra,* the Board denied compensation to a plaintiff whose injury had occurred six months after his employment had ceased. It found that there was not the "continuity of cause" or "continuity of time and space" between injury and employment necessary for recovery under a "delayed-action" theory.

**15.** § 8128. Review of award

(b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—

ployment than were those in Mrs. Bailey's case. Although he had left the Post Office premises, the action he complains of—the breach of duty of care—occurred while he was on the job. And although the Secretary may quite conceivably rule that Mr. Concordia's injury does not fall within the scope of the FECA, the facts raise a question that must initially be referred to agency determination.

The question remains whether our decision today leaves appellant remediless. Since, as he has stressed to us, the FECA statute of limitations has run on Mr. Concordia's claim,[16] the Secretary may refuse even to consider it. As the Government has pointed out, however, the Secretary may waive the time limits pursuant to 5 U.S.C.A. 8122(c).[17] Such a waiver in this case

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and

(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

**16.** 5 U.S.C.A. § 8122(a) (as it stood when appellant filed his claim):

(a) An original claim for compensation—

(1) for death shall be made within 1 year after the death; and

(2) for disability shall be made within 60 days after the injury.

However, the Secretary of Labor may allow an original claim for disability to be made within 1 year after the injury for reasonable cause shown.

The statute was amended, effective September 7, 1974, to provide that

[a]n original claim for compensation for disability or death must be filed within 3 years after the injury or death. Compensation for disability or death, including medical care in disability cases, may not be allowed if claim is not filed within that time unless—

(1) the immediate superior had actual knowledge of the injury or death within 30 days. The knowledge must be such to put the immediate superior reasonably on notice of an on-the-job injury or death; or

(2) written notice of injury or death as specified in section 8119 of this title was given within 30 days.

**17.** (c) The Secretary may waive compliance with the requirements of this subchapter for giving notice of injury and for filing claim for compensation for disability or death if—

(1) a claim is filed within 5 years after the injury or death; and

would not prejudice the Government, since it has had at least constructive knowledge of appellant's claim since he filed under the FTCA. Indeed, Mr. Concordia has diligently pursued remedy—though perhaps not the statutorily proper one—for his injury since it occurred.[18] While we do not purport to instruct the Secretary to exercise his discretionary powers, we do think that since the equities of Mr. Concordia's situation argue for allowing his claim, the Secretary may do so.[19]

■ If the Secretary does elect to consider the claim and determines that the FECA provides the exclusive remedy for this injury, appellant must pursue that claim accordingly. If, however, the Secretary finds no FECA coverage, appellant will be free to proceed under the FTCA. We cannot predict how long that administrative process will take. In the meantime, the two-year statute of limitations [20] may have run, raising serious questions regarding whether the Court could grant any relief. To avoid that problem we think that the District Court should merely have held the cause in abeyance pending the Secretary's determination of FECA coverage.

---

(2) the Secretary finds—
(A) that the failure to comply was due to circumstances beyond the control of the individual claiming benefits; or
(B) that the individual claiming benefits has shown sufficient cause or reason in explanation of, and material prejudice to the interest of the United States has not resulted from, the failure.

18. In fact, appellant's counsel informed us in his oral argument that appellant had initially consulted a workers' compensation attorney and had been advised to pursue his claim under the FTCA.

19. Other federal courts have expressed similar sentiments. See, e. g., Somma v. United States, 3 Cir., 1960, 283 F.2d 149, 151:
Somma may now prosecute a claim for compensation under the FECA. It is true that he has already gone through a time-consuming proceeding; however, all parties were early made aware that the provisions of the FECA might be applicable. We are not unaware that such a claim might be too late under the strict time limits contained in Section 770 of the FECA. As the district court

Except as thus modified, the District Court's order was correct.

AFFIRMED AS MODIFIED.

said, however, this would appear to be an appropriate situation for the Secretary of Labor, under this same section, to grant a waiver. Indeed, government counsel categorically stated in this court during oral argument that no prejudice has been caused by the delay. A valid and substantial dispute existed as to the appropriate remedy available. The government was fully aware of Somma's claim from the time he was first stricken and could have taken the necessary steps to protect itself. No problem of stale or missing evidence has appeared, nor is it suggested that Somma did not promptly seek proper medical aid.

20. 28 U.S.C.A. § 2401:
(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.