IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10892
Summary Calendar
_____


STANLEY M. SCHWARTZ,

                                        Plaintiff-Appellant,

                        versus

OCCUPATIONAL SAFETY AND HEALTH
REVIEW COMMISSION; UNITED STATES
DEPARTMENT OF LABOR; UNITED STATES
OF AMERICA,

                                        Defendants-Appellees.


Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:01-CV-479-M)

_____
January 14, 2003

Before REAVLEY, SMITH and STEWART , Circuit Judges.

PER CURIAM:[*]

        Stanley M. Schwartz appeals the district court's dismissal without prejudice

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., suit against the United States Department of Labor ("DOL"), the Occupational Safety and Health Review Commission ("the Commission"), and the United States. Schwartz, formerly employed by the Commission as an Administrative Law Judge ("ALJ"), claims that the intentional conduct of employees of the DOL and the Commission during the spring and summer of 1999 caused him severe emotional distress. The district court dismissed Schwartz's suit as preempted by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq. We affirm for the following reasons:

1. The FECA provides an exclusive remedy for a federal employee's personal injuries "sustained while in the performance of his duty." 5 U.S.C. § 8102(a); White v. United States, 143 F.3d 232, 234 (5th Cir. 1998). Federal district courts only have subject matter jurisdiction over disputes between the United States and one of its employees regarding the personal injury of the employee if it is certain that the Secretary of Labor would find no FECA coverage. See White, 143 F.3d at 234. If there is a substantial question regarding whether the injury is compensable under FECA, the suit must be stayed or dismissed to allow the employee to pursue his claims under the FECA. Id.

2

2. When an employee's emotional disability results from his emotional reaction to his regularly or specially assigned work duties, or to a requirement imposed by the employment, the disability comes within the coverage of the FECA. Lillian Cutler, 28 Empl. Comp. App. Bd. 125, 129-30 (1976), available at 1976 WL 5251. An employee's emotional reaction to administrative actions or personnel matters taken by the employing establishment is not covered under the Act, as such matters pertain to procedures and requirements of the employer and do not bear a direct relation to the work required of the employee. Sandra Davis, 50 Empl. Comp. App. Bd. 450, 459 (1999), available at 1999 WL 1483986, citing Richard J. Dube, 42 Empl. Comp. App. Bd. 916 (1991). However, if the factual circumstances surrounding the administrative or personnel action established error or abuse by the employing establishment, the disability is compensable under the FECA. Id.

3. Schwartz claims his emotional distress resulted from the manner in which he was assigned cases. As an ALJ for the Commission, it was his duty to hear and adjudicate disputes between the DOL and OSHA violators assigned to his docket. There is accordingly a substantial question whether Schwartz's emotional reaction to the manner in which he was assigned cases occurred in

3

the performance of his duties as an ALJ.

4.    Schwartz further claims his emotional distress resulted from the Commission's treatment of him with respect to reimbursement for travel and relocation expenses and the charging of annual leave. Schwartz's complaint alleged he was treated differently from other similarly situated employees. Although these are personnel matters because they do not bear a direct relation to the work of an ALJ, see Davis, 1999 WL 1483986, at *8, the factual allegations of Schwartz's complaint and the record created during the limited discovery allowed by the district court suggest error or abuse by the Commission. Thus, a substantial question exists regarding whether Schwartz's injuries are compensable under the FECA.

5.    Schwartz also claims his emotional distress resulted from an investigation of his activities as an ALJ prompted by allegedly improper contact between the DOL and the Commission.[1] Investigations that do not involve an employee's regularly or specially assigned duties are administrative matters, and do not constitute compensable employment factors absent a showing of error or

---

[1] According to Schwartz, counsel for the DOL's OSHA litigation office in Dallas circulated an e-mail to his co-workers requesting that they inform him when Schwartz required attorneys to read settlements into the record. The e-mail also claimed Schwartz was "creating some very unusual orders [that] need to be considered carefully." R. 11-12. Schwartz contends this e-mail was prompted by contact between Commission management and DOL employees.

4

abuse. <u>Otis R. Myles</u>, No. 02-307 (E.C.A.B. 2002), <u>available at</u> 2002 WL 1999389, at *3. On the facts alleged by Schwartz, the DOL and the Commission sought to investigate his conduct as an ALJ, and thus the investigation involved Schwartz's regularly assigned duties. Additionally, Schwartz alleges the contact between the DOL and the Commission was improper, which raises a substantial question regarding whether there was error or abuse. Given these circumstances, we cannot say it is certain that Schwartz's injuries are not compensable under the FECA.

6. Actions which the employee characterizes as harassment or retaliation may constitute factors of employment giving rise to coverage under the FECA if the claim of harassment or retaliation is supported by probative and reliable evidence. <u>Davis</u>, 1999 WL 1483986, at *5. To the extent that Schwartz characterizes the actions of the Commission as retaliation for promotion of a plan to reopen the Commission's Dallas office, the actions may give rise to FECA liability.

7. Lastly, Deborah B. Sanford, Director of Federal Employees' Compensation, Office of Workers' Compensation Programs for the DOL, rendered an opinion in this litigation concluding that Schwartz's injuries may be covered by the FECA. R. 61-66. After a thorough review of Employee

5

Compensation Appeals Board decisions and the complaint, Sanford concluded that Schwartz's injuries may be compensable under FECA. We find her opinion persuasive. There is a substantial question regarding whether Schwartz's claim of intentional infliction of emotional distress is covered by FECA.

AFFIRMED.