

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2005

# Horton v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3608

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Horton v. USA" (2005). *2005 Decisions.* Paper 724.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/724

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3608
_____

JOHN D. HORTON,

Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-01334)
District Judge: Honorable Jerome B. Simandle

_____

Submitted Under Third Circuit LAR 34.1(a)
August 5, 2005

Before:  SLOVITER, BARRY and FISHER, Circuit Judges.

(Filed August 8, 2005)

_____

OPINION

_____

PER CURIAM

    John D. Horton appeals from the District Court's order granting the United States'

motion to dismiss for lack of subject matter jurisdiction.  For the following reasons, we

will affirm.

Horton was hired as a librarian in the Morale, Welfare and Recreation Services Division Library at the Ft. Belvoir military base in Virginia. According to affidavits submitted by the United States, on his first day of employment, Horton was released from initial processing as a new employee to obtain necessary passes and identification associated with his employment. Horton went to the Ft. Belvoir Privately Owned Vehicle Registration Office to apply for a privately owned vehicle registration decal (Department of Defense Form 2220), which was required in order for an employee to drive a private vehicle onto the base. While at the registration office, Horton allegedly caused a disturbance when it was revealed that he had been barred from entering a United States Air Force Base. As a result, he was detained by military police for thirty minutes. Horton filed a complaint alleging violations of the Federal Tort Claims Act ("FTCA") for assault, false arrest, false imprisonment and negligent infliction of emotional distress. The United States filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), which was granted. Horton filed a timely appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual attack on the District Court's subject matter jurisdiction, the Court may consider evidence outside the pleadings. See Mortensen v. First Fed. Savings & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). The burden is on Horton to prove jurisdiction. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

2

The Federal Employees Compensation Action ("FECA") provides an exclusive and comprehensive worker's compensation scheme to federal employees for injuries that are "sustained while in the performance of [their] duty." 5 U.S.C. § 8102(a). If a claim is covered by the FECA, a federal court lacks subject matter jurisdiction to entertain the claim. 5 U.S.C. § 8128(b); see also Heilman v. United States, 731 F.2d 1104, 1110 (3d Cir. 1984); DiPippa v. United States, 687 F.2d 14, 17 (3d Cir. 1982). Our jurisdiction "is limited to determining if a substantial question of coverage under FECA exists." White v. United States, 143 F.3d 232, 234 (5th Cir. 1998). A substantial question exists unless it is "'certain that [the Secretary of Labor] would find no coverage.'" DiPippa, 687 F.2d at 16 (citation omitted).

The District Court concluded that it lacked subject matter jurisdiction because there was a substantial question of FECA coverage. We agree. Horton argues that his claim is not covered by FECA because he was on his lunch break when he went to the registration office to obtain a vehicle decal. However, it is not necessary that the employee be engaged in an activity of benefit to his employer. Bruni v. United States, 964 F.2d 76, 79-80 (1st Cir. 1992) (citations omitted). A substantial question of FECA coverage has been found when the injury occurred on a military base where the plaintiff is employed, even though the employee was on a lunch break or en route home from work. See Woodruff v. United States, 954 F.2d 634, 638 (11th Cir. 1992); White, 143 F.3d at 238. The Employees' Compensation Appeals Board has accepted jurisdiction under

3

FECA in cases where an employee was injured during his lunch break or en route to work. See Woodruff, 954 F.2d at 638; In re Ross, 42 E.C.A.B. 371 (1991). Thus, Horton must first seek relief under the FECA. If the Secretary determines that Horton cannot proceed under the FECA, he may pursue his FTCA claim in the District Court, assuming his action is timely commenced after the mailing of the notice of final denial of his claim by the Secretary. See 28 U.S.C. § 2401(b).

For the foregoing reasons, we will affirm the order of the District Court.