**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 11, 2012

Lyle W. Cayce
Clerk

No. 11-41113
Summary Calendar

SCOTT EUGENE BEEMER,

Plaintiff - Appellant

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL, ET AL.,

Defendants - Appellees

Appeal from the United States District Court for the
Southern District of Texas
USDC No. 1:08-cv-00449

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Scott Beemer challenges the federal government's determination that he must reimburse it for workers' compensation overpayments. He also contends that the government wrongfully denied his administrative tort, discrimination, and retaliation claims. The district court dismissed Beemer's claims for lack of subject matter jurisdiction. We affirm.

1. Facts and Proceedings

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41113

Plaintiff-Appellant Scott Beemer injured his back in a slip-and-fall while working for the federal government in August 2000.[1]   Beemer filed administrative tort and workers' compensation claims seeking redress for his injury.

The government denied Beemer's administrative tort claim, sending a notice of the rejection by certified mail in July 2003 to an address that Beemer provided.  After the post office returned the first letter, the government sent a second notice by certified mail to an address that it tracked to Beemer.[2]  The notice warned Beemer that he had to file a lawsuit against the United States within six months of the mailing of the notice or forfeit his claims.

The government accepted Beemer's workers' compensation claim in March 2001.[3]  The Department of Labor's Office of Workers' Compensation Program ("OWCP") awarded Beemer more than $13,000 in back compensation.  The OWCP also awarded more than $700-per-week in prospective compensation, subject to Beemer notifying the OWCP when he was ready to return to work in order to "minimize the possibility of an overpayment."

The OWCP sought to terminate Beemer's benefits in January 2002 after multiple doctors who examined Beemer found that he could return to work.  The OWCP gave Beemer thirty days to submit evidence opposing the decision; Beemer alleged negligence against two of the examining doctors in response.  The OWCP found Beemer's claims of negligence unsubstantiated and mailed

---

[1] Beemer worked for an agency that later became part of the Department of Homeland Security.

[2] The government has been unable to locate the return receipt "[b]ecause of the age of the file."

[3] The government's eight-month delay in awarding Beemer compensation after his injury apparently resulted from Beemer's failure to submit the proper paperwork.

2

No. 11-41113

Beemer a final decision terminating his benefits in June 2002. The decision included information about Beemer's appeal rights.

Beemer declined to exercise his right to an appeal. However, due to an apparent oversight, he continued to receive disability payments totaling more than $73,000 through May 2005.

The OWCP determined that Beemer accepted compensation that he knew he did not have a right to receive. The OWCP found that Beemer was therefore "at fault" and that, pursuant to 20 C.F.R. § 10.433, he had to reimburse the payments. The agency notified Beemer on February 8, 2007 that he had thirty days to offer evidence opposing the determination. The OWCP also offered Beemer a hearing on the merits, and a possible waiver of its right to reimbursement. After not receiving a response from Beemer, the OWCP finalized its determination on March 21, 2007.

On April 2, 2007, the OWCP received a letter from Beemer—dated March 16, 2007—opposing its overpayment determination. The OWCP responded that Beemer had a right to appeal to the Employees' Compensation Appeals Board ("ECAB").

Beemer never appealed to the ECAB. Instead, he filed this lawsuit against the government on October 20, 2008 in the Southern District of Texas. Beemer, proceeding pro se, alleged that the initial delay in receiving compensation "exhausted his financial resources" and caused "extreme emotional stress"; that the OWCP was "extremely negligent" in disbursing his overpayments; that he was not at fault for the overpayments; that the OWCP "willfully, knowing [sic] and intentionally delayed" notifying him about the overpayments; and that the various delays amounted to "reprisal" by the government for his prior "whistle blowing" about management.[4] He sought more than $47 million in damages.

---

[4] Beemer filed a similar lawsuit, alleging that the delay in compensation after his injury inflicted financial hardship, in the District Court of New Jersey in January 2002. The District

No. 11-41113

The district court, adopting in part the magistrate judge's recommendations, granted the defendants' motion to dismiss the case without prejudice, finding that it lacked subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Beemer appealed the district court's ruling.

2. Standard of Review

This court reviews *de novo* the district court's grant of Defendants-Appellees' motion to dismiss for lack of subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, *Cloud v. United States*, 536 U.S. 960 (2002). In reviewing lack of subject matter jurisdiction, this court looks to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* Although this court must resolve all fact inferences in favor of the party asserting jurisdiction, a party opposing a motion to dismiss for lack of subject matter jurisdiction still "bears the burden of proof that jurisdiction does in fact exist." *Id.*

3. Beemer's FECA Claims

The Federal Employees' Compensation Act ("FECA") limits judicial review of OWCP decisions.[5] 5 U.S.C. § 8128(b); *White v. United States*,143 F.3d 232, 233-34 (5th Cir. 1998). FECA controls compensation for work-related injuries suffered by federal employees. 5 U.S.C. § 8102(a); *White*,143 F.3d at 234 (5th Cir.

---

Court of New Jersey likewise dismissed Beemer's claims for lack of subject matter jurisdiction. The district court in this case found it unnecessary to address issue or claim preclusion, and defendants-appellees do not contend that the New Jersey lawsuit is preclusive of the facts or claims at issue.

[5] FECA vests the Secretary of Labor with the power to "administer, and decide all questions arising under [FECA]." 5 U.S.C. § 8145. The Secretary of Labor has delegated this authority to the Director of the OWCP. 5 U.S.C. § 8145(2)**;** 20 C.F.R. § 10.2.

No. 11-41113

1998) ("For injuries within its coverage, FECA's remedy is exclusive of any other remedy, including the [Federal Tort Claims Act].").

A court may review an OWCP decision only if there are "substantial constitutional claims," such as those arising from a due process violation. *Garner v. U.S. Dep't of Labor*, 221 F.3d 822, 824-25 (5th Cir. 2000), *cert. denied*, 532 U.S. 906 (2001) ("A failure to exhaust administrative remedies may be excused when the claimant advances a constitutional challenge unsuitable for determination in an administrative proceeding, or when the unexhausted remedy is plainly inadequate."). There is no due process violation when the government deprives a property right unless it fails to provide notice and the opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1960).

A claimant must address all other grievances through a FECA-prescribed system of administrative review. *White*, 143 F.3d at 234. To obtain benefits for a work-related injury, a claimant must submit in writing evidence that is "reliable, probative and substantial." 20 C.F.R. § 10.115. A claimant may oppose an OWCP decision regarding benefits by requesting a hearing before an OWCP representative, 5 U.S.C. § 8124(b)(1); 20 C.F.R. § 10.616, requesting reconsideration, 5 U.S.C. § 8128; 20 C.F.R. §§ 10.606-10.607, or filing an appeal with the Employees' Compensation Appeals Board ("ECAB"), 20 C.F.R. § 10.625; 20 C.F.R. § 501.1(i).

If the OWCP awards benefits, but an overpayment is made, FECA provides that the OWCP may "decreas[e] later payments to which the individual is entitled" unless "incorrect payment has been made to an individual who is without fault" or unless "adjustment or recovery would defeat the purpose of [FECA] or would be against equity and good conscience." 5 U.S.C. § 8129. A claimant opposing an overpayment determination has the right to present evidence in writing or at a hearing before the OWCP issues a final decision. 20

5

No. 11-41113

C.F.R. § 10.432. Once a final decision is made, the claimant may still appeal the decision to the ECAB. 20 C.F.R. § 10.440(b).

Here, we lack subject matter jurisdiction over Beemer's claims under FECA because Beemer fails to allege a substantial constitutional violation.

Beemer appears to contend that the government's delay in disbursing benefits, and its alleged failure to notify him of the overpayment determination, amount to a due process violation.

The OWCP's delay in disbursing benefits is not a due process violation because it results from Beemer's own delay in submitting the proper paperwork; the OWCP processed Beemer's benefits soon after he submitted the required documents. In addition, the alleged failures by the OWCP to notify Beemer of the overpayment determination are not due process violations because the OWCP made an appropriate effort to inform Beemer of its decision. When the OWCP sought to recover Beemer's overpayment of benefits in 2007, it provided him with notice of the proposed determination that there was an overpayment, notice of the final determination, and notice of his right to appeal the final decision. Beemer acknowledges that he received at least one of the OWCP's notifications; as a result, the failure to obtain a hearing, or to appeal the final decision, was his own. Even if this process were somehow deficient,[6] the OWCP informed Beemer in 2002—five years before notifying him of the inadvertent overpayments—that his benefits would terminate.

In sum, the district court correctly found that it did not have subject matter jurisdiction over Beemer's claims because Beemer did not allege a

---

[6] This court sanctioned an identical process in *Ramirez v. Walker*, 199 F. App'x 302, 308 (5th Cir. 2006) (unpublished) (a claimant who failed to request a hearing, and failed to appeal a final decision to the ECAB, "was afforded meaningful notice and opportunity at each step leading to the ultimate suspension of his benefits.").

6

substantial constitutional violation, and because the court otherwise lacked jurisdiction under FECA to review the OWCP's compensation decisions.

4. Beemer's FTCA Claims

Parties cannot sue the United States without its consent. *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993). The Federal Tort Claims Act ("FTCA") offers a limited waiver whereby parties can sue the United States for torts committed by federal employees acting within the scope of their employment. 28 U.S.C. § 1346 (b)(1); *Bodin v. Vagshenian*, 462 F.3d 481, 483 (5th Cir. 2006). With this waiver comes a strict statute of limitations: a party must file a lawsuit "within six months after the date of *mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975) ("While it might be more equitable if the short period of limitations provided by 28 U.S.C. [§] 2401(b) commenced with receipt by the claimant of notice of the administrative agency's denial of the claim, the plain words of the statute [. . .] specify that an action be begun within six months after the 'date of mailing.'").

Here, we lack subject matter jurisdiction over Beemer's FTCA claims because the government mailed Beemer notice of its decision to deny his FTCA claims more than six months before he filed this lawsuit.

Beemer contends that the statute of limitation for bringing his FTCA claims did not expire before he filed this lawsuit because he never received the government's notice denying his claim. Beemer focuses on the government's inability to produce a return receipt.

The statute of limitations for Beemer's FTCA claims expired before Beemer filed this lawsuit because whether Beemer *received* the notice is immaterial for the purpose of the FTCA. The plain language of 28 U.S.C. § 2401(b) requires that the statute of limitations start to run the moment the

government *mails* notice of an FTCA claim denial. *Carr*, 522 F.2d at 1357. The government twice sent notice by certified mail to Beemer in July 2003 that it was denying his FTCA claims. The six-month statute of limitations to bring FTCA claims therefore expired in January 2004; Beemer filed this lawsuit on October 20, 2008.

In sum, the district court correctly found that it lacked subject matter jurisdiction over Beemer's FTCA claims because the six-month statute of limitations for bringing FTCA claims expired more than four years before Beemer filed this lawsuit.

5. Beemer's Discrimination and Retaliation Claims

Federal employees "who believe they have been discriminated against" must consult an Equal Employment Opportunity ("EEO") counselor to "informally resolve the matter" within forty-five days of the alleged discriminatory action. 29 C.F.R. § 1614.105(a); *Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997) ("If a federal employee fails to exhaust his administrative remedies, the district court cannot adjudicate the employee's [discrimination] claim.").

Here, we lack subject matter jurisdiction over Beemer's discrimination and retaliation claims because Beemer did not exhaust his administrative remedies before filing this lawsuit.

Beemer contends that the government's initial payment delay, and the alleged failure to notify Beemer of the overpayments, amounted to discrimination and retaliation in response to his prior "whistle blowing." He appears to argue that the government's inability to obtain certain files regarding his case excuses his failure to consult with an EEO counselor.

The statute of limitations for Beemer's discrimination claims expired before Beemer filed this lawsuit because Beemer never consulted with an EEO counselor. The government's alleged discriminatory delay in awarding the

No. 11-41113

initial payments ended when Beemer received more than $13,000 in compensation in March 2001. The government's alleged discriminatory delay in notifying Beemer of the overpayments ended when the government sent a letter to Beemer seeking reimbursement in February 2007. Beemer filed this lawsuit in October 2008, more than forty-five days after either of the alleged discriminatory delays. Beemer does not contend that he met with an EEO counselor at any point before filing this lawsuit nor that the missing files have anything to do with his discrimination claim. Indeed, the government searched through its records and could find no evidence that Beemer consulted an EEO counselor.

In sum, the forty-five day statute of limitations for Beemer's discrimination and retaliation claims expired long before Beemer filed this lawsuit. As a result, the district court correctly decided that it lacked subject matter jurisdiction over Beemer's discrimination and retaliation claims.

6. Conclusion

Accordingly, we AFFIRM the district court's dismissal of Beemer's claims for lack of subject of matter jurisdiction.