Revised August  24, 2000

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-60212

ROBERT THOMAS GARNER, III,

Plaintiff-Appellant,

versus

U. S. DEPARTMENT OF LABOR,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi

August 22, 2000

Before POLITZ, SMITH, and DENNIS, Circuit Judges.

POLITZ, Circuit Judge:

Robert T. Garner III appeals the dismissal of his mandamus petition for lack of subject-matter jurisdiction, contending that the district court erred in its holding that 5 U.S.C. § 8148(a) does not implicate the ex post facto clause nor violate the eighth amendment.  For the reasons assigned, we affirm.

## BACKGROUND

In 1989, following a job-related injury while employed by the federal government, Garner began receiving monthly disability benefits under the Federal Employee Compensation Act.[1] On November 29, 1997, Garner pled guilty to one count of making false statements to obtain federal employee disability compensation in violation of 18 U.S.C. § 1920. The charge was predicated upon Garner's failure to report $854.52 of self-employment income on a benefits entitlement form submitted to the Department of Labor in November 1993.[2] He was sentenced to a fine, three years' probation, and was ordered to pay $854.52 in restitution.

In a letter dated February 13, 1998, the Office of Worker's Compensation Programs, an agency within the Labor Department, informed Garner that, under 5 U.S.C. § 8148(a), his conviction rendered him ineligible to receive any further FECA benefits.[3] Garner requested the OWCP to reconsider its decision contending,

---

[1]5 U.S.C. § 8101, *et seq.*

[2]A FECA recipient is required to verify ongoing entitlement to benefits through submission of this form every fifteen months.

[3]Section 8148(a) provides in relevant part:

Any individual convicted of a violation of section 1920 of title 18,... shall forfeit (as of the date of such conviction) any entitlement to any benefit such individual would otherwise be entitled to under this subchapter or subchapter III for any injury occurring on or before the date of such conviction. Such forfeiture shall be in addition to any action the Secretary may

as he does in this proceeding, that the statute, enacted on September 20, 1994, operates as an ex post facto law as applied to his November 1993 fraudulent conduct and violates the eighth amendment's proscription against cruel and unusual punishment and excessive fines. The OWCP affirmed its earlier decision and Garner thereafter appealed to the Employees' Compensation Appeals Board. When advised that the appeals process might extend up to two years, Garner filed a mandamus petition reiterating his constitutional claims and seeking reinstatement of his benefits. In response, the Department of Labor invoked 5 U.S.C. § 8128(b)[4] and filed a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction.

The district court considered Garner's claims, however, based on an exception to § 8128's jurisdiction-stripping provision, which allows a court to review substantial constitutional claims. On the merits, the court found that the

---

take under section 8106 or 8129.
5 U.S.C. § 8148(a) (1994).

Had Garner been convicted prior to § 8148's enactment he would have forfeited his right to benefits for fifteen months, the period covered by the form in which he failed to report his self-employment income. *See* 5 U.S.C. § 8106(b).

[4]Section 8128(b) provides:

The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—
    (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
    (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

primary purpose of § 8148(a) was to prevent the loss of federal dollars from FECA fraud and to save the taxpayers the cost of continuing to support those who defraud the program. The court concluded that any punitive effect was merely incidental to the statute's remedial goals and, thus, was not subject to scrutiny under the ex post facto clause. Based on its holding that § 8148 was not a punitive statute, the court also concluded that its application constituted neither cruel and unusual punishment nor an excessive fine. Concluding that Garner did not present a viable constitutional claim, the district court granted the Department of Labor's motion to dismiss. Garner timely appealed.

## ANALYSIS

### A. Exhaustion of Administrative Remedies:

Although not addressed by the district court, we note that Garner failed to exhaust his available administrative remedies by filing the instant mandamus petition prior to receiving a ruling from the ECAB. It is well-established that a plaintiff must exhaust administrative remedies before resorting to the courts.[5] "Exhaustion is required in part because of the possibility that administrative review

---

[5] **American Gen. Ins. Co. v. FTC,** 496 F.2d 197 (5th Cir. 1974).

4

might obviate the need for judicial review."[6] There are, however, exceptions to this general rule. A failure to exhaust administrative remedies may be excused when the claimant advances a constitutional challenge unsuitable for determination in an administrative proceeding, or when the unexhausted remedy is plainly inadequate.[7] When an exception is applicable, a federal court has the discretion to excuse the exhaustion requirement.[8] We conclude that both of these exceptions are present herein. Garner's constitutional challenges are not the types of questions committed to the discretion of the Secretary of Labor[9] and, thus, requiring Garner to exhaust administrative remedies relating to same would be an exercise in futility.[10] Accordingly, the district court properly considered the merits of Garner's claims, and we now do so.

---

[6]**Hodges v. Callaway,** 499 F.2d 417, 423 (5th Cir. 1974); **Lewis v. Reagan,** 660 F.2d 124 (5th Cir. 1981).

[7]**McCarthy v. Madigan,** 503 U.S. 140 (1992); **Lewis,** 660 F.2d at 127.

[8]**Information Resources, Inc. v. United States,** 950 F.2d 1122 (5th Cir. 1992).

[9]5 U.S.C. § 8128(a) provides:

The Secretary of Labor may review an award for or against payment of compensation at any time on his own motion or on application. The Secretary, in accordance with the facts found on review, may—
    (1) end, decrease, or increase the compensation previously awarded; or
    (2) award compensation previously refused or discontinued.
*See* **McCarthy,** 503 U.S. at 147; **Benton v. United States,** 960 F.2d 19 (5th Cir. 1992).

[10]**Hessbrook v. Lennon,** 777 F.2d 999 (5th Cir. 1985).

*B. Constitutional Challenges:*

As noted, Garner raises three constitutional challenges to § 8148(a).  We review the constitutionality of a federal statute *de novo.*[11]

The Constitution provides that, "[n]o Bill of Attainder or ex post facto law shall be passed."[12]  The prohibition against ex post facto laws forbids Congress from enacting any law "'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'"[13]  For a law to be ex post facto it must be retrospective; that is, "it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it."[14]

Because the ex post facto clause prohibits only retroactive application of legislation that fairly can be characterized as punitive, the threshold inquiry is whether § 8148 imposes "punishment."[15]  This is an issue of first impression in this circuit.  In rendering its decision, the district court relied on the only published

---

[11]**United  States v. Bailey,** 115 F.3d 1222 (5th Cir. 1997).

[12]U.S. CONST. art. I, § 9, cl.3.

[13]**Weaver v. Graham,** 450 U.S. 24, 28 (1981) (quoting **Cummings v. Missouri,** 4 Wall. 277, 325-26 (1867)).

[14]**Weaver,** 450 U.S. at 29 (citations and footnotes omitted).

[15]**United States v. Rose,** 153 F.3d 208 (5th Cir. 1998); **Bae v. Shalala,** 44 F.3d 489 (7th Cir. 1995).

6

opinion to date that has squarely addressed this question.[16]  The district court in

**Slugocki v. Department of Labor** focused almost exclusively on the legislative

history of § 8148 and concluded that, when taken as a whole, "[c]learly Congress

intended this bill to prevent the loss of millions of dollars to FECA fraud and

recognized the punitive aspects as secondary to the bill's remedial goal."[17]  We

agree with that conclusion.

The determination whether a statute inflicts punishment depends on the

resolution of three inquiries:

> (1) whether the challenged statute falls within the historical meaning
> of legislative punishment; (2) whether the statute, "viewed in terms of
> the type and severity of the burdens imposed, reasonably can be said
> to further nonpunitive legislative purposes"; and (3) whether the
> legislative record "evinces a congressional intent to punish."[18]

"[T]he distinction between the punitive and the prophylactically regulatory, which

is of course at the root of this case, is admittedly a fine one,"[19] and the

determination of each case depends on its own particular context.[20]  Further, the

---

[16]**Slugocki v. Department of Labor,** 988 F. Supp. 1443 (S.D. Fla. 1997).

[17]**Id.** at 1448.

[18]**Selective Serv. System v. Minnesota Pub. Interest Research Group,** 468 U.S. 841 (1984) (quoting **Nixon v. Administrator of Gen. Svcs.,** 433 U.S. 425, 473 (1977)); **SBC Communications, Inc. v. F.C.C.,** 154 F.3d 226, 242 (5th Cir. 1998).

[19]**SBC Communications, Inc.,** 154 F.3d at 235.

[20]**Flemming v. Nestor,** 363 U.S. 603, 616 (1960).

7

presumption of constitutionality that attaches to every legislative enactment "forbids us lightly to choose that reading of the statute's setting which will invalidate it over that which will save it."[21]

As the Supreme Court has made abundantly clear, the denial of a noncontractual governmental benefit does not fall within the historical meaning of legislative punishment.[22] In the case at bar, Garner is disqualified from receiving benefits which the government, in its discretion, provided. We agree with the district court herein, and the court in **Slugocki**, that § 8148(a) reasonably can be said to further the remedial goal of saving the federal government, and therefore the taxpayers, from expending large sums of FECA funds, funds which are limited in amount, on those who have been convicted of defrauding the program. This obviously is protective of the integrity of the program.[23] Although the permanent

---

[21]**Id.** at 617; **United States v. O'Banion,** 943 F.2d 1422 (5th Cir. 1991).

[22]**Selective Serv. System,** 468 U.S. at 853; **Flemming,** 363 U.S. at 617 ("No affirmative disability or restraint is imposed, and certainly nothing approaching the 'infamous punishment' of imprisonment....").

[23]**Slugocki,** 988 F. Supp. at 1448; **United States v. Stoller,** 78 F.3d 710, 724 (1st Cir. 1996) (statute authorizing industry-wide debarment of former bank's CEO based on his misconduct held to be remedial because its main purpose was to protect the integrity of the nation's financial institutions); **Bae,** 44 F.3d at 493 (finding debarment provision of the Generic Drug Enforcement Act remedial, in part because the statute's aim "was to restore consumer confidence in generic drugs by eradicating the widespread corruption in the generic drug approval process"); **Manocchio v. Kusserow,** 961 F.2d 1539 (11th Cir. 1992) (five year suspension from Medicare program found to be remedial because its purpose was to protect the public from those who defraud the program).

disqualification from the receipt of FECA benefits undoubtedly is harsh, "[w]here the source of legislative concern can be thought to be the activity or status from which the individual is barred, the disqualification is not punishment even though it may bear harshly upon one affected."[24] Finally, a review of the legislative history reflects Congress' intent to fairly allocate scarce resources among numerous federal programs, such as FECA, Head Start, Social Security, and Medicare, all of which are vital to the American public, and to eliminate, to the extent possible, fraud, waste, and abuse in their administration.[25] Section 8148(a) was enacted as part of the Departments of Labor, Health and Human Services, and Education, and Related Agencies Appropriations Act of 1995.[26] Both the House and Senate floor debates reflect that Congress was concerned primarily with the "tight budget allocations"[27] and the "absolute need for deficit reduction,"[28] and intended "to root out wasteful spending and abusive practices in the Departments of Labor, Health and Human

[24]**Flemming,** 363 U.S. at 614; **Bae,** 44 F.3d at 495 ("[T]he duration or severity of... [a] restriction will not mark it as punishment where it is intended to further a legitimate governmental purpose."); **Stoller,** 78 F.3d at 724.

[25]**Selective Serv. System,** 468 U.S. at 855-56 (concluding that statute at issue furthered nonpunitive legislative goals because it sought to promote compliance with the law and fairness in the allocation of federal resources).

[26]Pub. L. 103-333, § 101, 108 Stat. 2539, 2546-47.

[27]140 Cong. Rec. H9446 (daily ed. Sept. 22, 1994) (statement of Rep. Smith).

[28]Id. at H9447 (statements of Rep. Porter).

Services, and Education."[29]

Garner points to the statements by Rep. Fawell that § 8148(a) "will enhance the deterrent value of the Federal Employee's Compensation Act, enable the Government to punish those who defraud the program, [and] the most important, save the taxpayers the cost of supporting those who defraud the program," as dispositive evidence of Congress' punitive intent.[30] We reject this contention for two reasons. That a statute serves to deter future conduct does not automatically render it punitive, particularly where its overriding goal is remedial.[31] Further, we decline to equate the real or imagined subjective intent of one member of Congress to the objective manifestation of Congress as a whole, and therefore must conclude that these statements are not "the 'smoking gun' evidence of punitive intent"

---

[29] 140 Cong. Rec. S.13406 (daily ed. Sept. 27, 1994) (statement of Sen. Harkin). During his testimony before the Committee on Appropriations, the Inspector General of the Department of Labor noted that "[f]or only five cases involving such fraud, the department of Labor recognized immediate savings of over $120,000 and estimated potential savings of over $4,000,000." S. Rep. No. 103-318, at 6 (1994).

[30] 140 Cong. Rec. H9454 (daily ed. Sept. 22, 1994) (statement of Rep. Fawell).

[31] **Montana Dept. of Revenue v. Kurth Ranch,** 511 U.S. 767, 780 (1994) ("[N]either a high rate of taxation nor an obvious deterrent purpose automatically marks this tax as a form of punishment."); **Bae,** 44 F.3d at 493 ("A civil sanction that can fairly be said solely to serve remedial goals will not fail under ex post facto scrutiny simply because it is consistent with punitive goals as well."); **Manocchio,** 961 F.2d at 1542; **Jensen v. Heckler,** 766 F.2d 383, 386 (8th Cir. 1985) ("Where, as here, the rational connection to nonpunitive ends remains as a rationale for enacting this provision, a court should not reject all those alternatives save the one which might require invalidation of the statute.") (internal quotations and citations omitted).

necessary to find that § 8148 was enacted to impose punishment.[32]  We hold that § 8148 is not punitive and, as such, does not implicate the ex post facto clause.

Concluding that § 8148 does not impose punishment, we necessarily hold that it does not violate the eighth amendment's proscription against cruel and unusual punishment and excessive fines.[33]

The judgment appealed is AFFIRMED.

---

[32]**SBC Communications, Inc.,** 154 F.3d at 243-44; **Turner v. Glickman,** 207 F.3d 419 (7th Cir. 2000).

[33]**Austin v. United States,** 509 U.S. 602 (1993); **Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal Inc.,** 492 U.S. 257, 262 (1989) (noting that the eighth amendment "appl[ies] primarily, and perhaps exclusively, to criminal prosecutions and punishments").