**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**June 22, 2004**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51204
Summary Calendar
_____

DANIEL A. RAMIREZ,

Plaintiff-Appellant,

versus

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
U.S. DEPARTMENT OF LABOR,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CV-188-DB
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Daniel A. Ramirez, an employee of the United States Army between 1988 and 1990, appeals the district court's order granting the motion for summary judgment filed by the Director of the Office of Workers' Compensation Programs ("OWCP"), in Ramirez's "petition for review" challenging the administrative decision to suspend his workers' compensation benefits under the Federal Employees Compensation Act ("FECA"), 8 U.S.C. § 8102(a).

_____

   [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

The OWCP Director has argued that the federal courts lacked subject-matter jurisdiction under 8 U.S.C. § 8128(b), which states that "[t]he action of the Secretary [of the Department of Labor] or his designee in allowing or denying payment under this subchapter is-- . . . (B) not subject to review by another official of the United States or by a court by mandamus or otherwise." Although 8 U.S.C. § 8128(b) bars Ramirez's action insofar as he challenges the administrative decision to deny him FECA benefits, the statute does not prohibit review of "substantial" of "cognizable" constitutional claims. See Benton v. United States, 960 F.2d 19, 22 (5th Cir. 1992); Duncan v. Department of Labor, 313 F.3d 445, 446 (8th Cir. 2002); Czerkies v. United States Dep't of Labor, 73 F.3d 1435, 1441 (7th Cir. 1996).

Ramirez had been paid FECA benefits since the early 1990s. In July 1999, Ramirez was directed by the OWCP to appear for two second-opinion medical appointments. He failed to do so. After Ramirez failed to provide written reasons for such failure, the OWCP suspended his benefits.

Even if it is assumed arguendo that Ramirez's "petition for review" was sufficient to establish a "cognizable" and "substantial" due-process claim, the documentary evidence submitted by the parties in connection with the OWCP Director's summary-judgment motion is sufficient to show that no genuine issue of material fact remains as to such claim. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). It is true that the record shows that, in January 2001, during Ramirez's administrative appeals, the Employees' Compensation Appeals Board

castigated the OWCP for failing to reconstruct and properly assemble Ramirez's case record. The Appeals Board's decision remanding the case to the OWCP for reconstruction of the record was intended to protect Ramirez's administrative appeal rights and effectively corrected any due-process violation that might have occurred. The record otherwise shows that Ramirez was repeatedly warned of the consequences of failing to appear for medical appointments, that he was repeatedly informed of the procedures for challenging the OWCP's position that he was required to appear at those appointments, and that his administrative challenges to the suspension of FECA benefits were repeatedly reviewed. Ramirez has not established a due-process violation. See FDIC v. Bank of Coushatta, 930 F.2d 1122, 1130 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.