United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-51421
Summary Calendar

DANIEL A. RAMIREZ,

Plaintiff,

versus

E.  MARTIN WALKER, etc; ET AL.,

Defendants.

DANIEL A. RAMIREZ,

Plaintiff – Appellant,

versus

ALEC J.  KOROMILAS, chairman, Employees' Compensation Appeals
Board U.S. Department of Labor in his Official and Individual
Capacity; COLLEEN DUFFY KIKO, Board Member, Employees'
Compensation Appeals Board U.S. Department of Labor in her
Official and Individual Capacity; DAVID S. GERSON, Board
Member, Employees' Compensation Appeals Board U.S. Department
of Labor in his Official and Individual Capacity; WILLIE T.C.
THOMAS, Board Member, Employees' Compensation Appeals Board
U.S. Department of Labor in his Official and Individual
Capacity; MICHAEL E. GROOM, Board member, Employees'
Compensation Appeals Board U.S. Department of Labor in his
Official and Individual Capacity; A. PETER KANJORSKI, Board
Member, Employees' Compensation Appeals Board U.S. Department
of Labor in his Official and Individual Capacity; UNITED
STATES DEPARTMENT OF LABOR; JOHN DOES 1 TO 10, inclusive; in
their Official and Individual Capacities,

Defendants – Appellees.

Appeal from the United States District Court
for the Western District of Texas
(04-CV-1145)

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges

CARL E. STEWART, Circuit Judge[*]:

Plaintiff-Appellant Daniel A. Ramirez ("Ramirez") appeals the district court's grant of Defendants-Appellees' ("Koromilas") motion to dismiss and motion for summary judgment, stating that the Department of Labor and specifically the Director of the Department's Office of Workers' Compensation Programs ("OWCP") and the members of the Department's Employees' Compensation Appeals Board ("ECAB") violated his constitutional rights to equal protection and due process of law when it rejected his Federal Employees' Compensation Act ("FECA") claims. He also argues that the district court erred in adopting the magistrate judge's ruling that he was not entitled to discovery for purposes of obtaining the agency's administrative record in his case prior to the district court's ruling on the pleadings. For the following reasons, we affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 1991, Ramirez[2] filed a claim for compensation under FECA for mental stress due to factors of his federal employment; he was an industrial hygienist with the United States Department

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[2]Ramirez has appeared pro se throughout the administrative and court proceedings.

of the Army. On March 6, 1992, the OWCP accepted Ramirez's claim, finding that he suffered from Post Traumatic Stress Syndrome. Accordingly, he began receiving temporary total disability benefits.

On August 26, 1992, Ramirez filed a new claim for compensation, asserting that while working for the Army he had been exposed to toxic chemicals that had caused a neuropsychological disorder. The OWCP accepted his claim on October 19, 1992; however, in the course of administering his claim in 1999, the OWCP scheduled second opinion evaluations. The OWCP sent a notice to Ramirez informing him that he had an appointment with a toxicologist in Dallas on July 12, 1999, and with a psychiatrist in El Paso on July 19, 1999, and that it would reimburse all reasonable travel expenses. The OWCP informed Ramirez that he should respond immediately if he were unable to attend either appointment; Ramirez was also told that his compensation benefits could be suspended if he failed to attend these medical examinations.

On July 20, 1999, the OWCP, after confirming that Ramirez had failed to attend either evaluation, notified him that it was proposing to suspend his benefits. It explained that unless Ramirez submitted his reasons for not attending the evaluations within fourteen days of the date of the letter, his benefits would be suspended under 5 U.S.C. § 8123(d). Ramirez provided no explanation for his failure to attend either evaluation; accordingly, the OWCP informed him on August 5, 1999, that it had suspended his benefits.

Ramirez requested a hearing and explained that he had not gone to the evaluations because there was no conflict in the medical evidence and there was sufficient medical evidence to document his condition. An OWCP hearing representative, after conducting a hearing, issued a decision affirming the OWCP's suspension of his FECA benefits.

On September 9, 2000, Ramirez appealed this matter to the ECAB, but because the ECAB had not received the case file from the OWCP, it remanded the case back to the OWCP. The OWCP reconstructed the case file and issued a new decision, informing Ramirez that his compensation would remain suspended until he indicated his willingness to submit to the evaluations.

In a letter to the OWCP dated April 6, 2001, Ramirez responded stating that "as to the date of this letter and continuing Mr. Ramirez does not have nor claims any remaining disability causally related [to his injury]." Ramirez, however, also stated that he would no longer resist a medical examination and requested that the OWCP restore his benefits.

On September 4, 2001, Ramirez filed a request for reconsideration directly with the Secretary of Labor; this request was forwarded to the OWCP. On March 27, 2002, Ramirez requested that the OWCP reconsider its March 29, 2001, decision. On September 11, 2002, the OWCP denied Ramirez's September 4, 2001, and March 27, 2002, requests for reconsideration and informed Ramirez that if he attended both medical examinations necessary to resolve his entitlement to benefits, his compensation benefits would be reinstated, retroactive to April 6, 2001–the day Ramirez first indicated his willingness to undergo the OWCP-directed medical examinations. The decision also explained the right to appeal available to him if he disagreed with the OWCP's conclusion; specifically, Ramirez was informed that he could request reconsideration with the OWCP within one year of the date of that decision, or he could file an appeal with the ECAB within ninety days, or, for good cause shown, within one year of the date of the decision. Ramirez did not file a timely appeal with the OWCP or the ECAB. He did, however, file suit in federal court; but first, Ramirez attended

4

the medical evaluations directed by the OWCP and on November 8, 2002, the OWCP restored his benefits[3] retroactive to April 6, 2001.

In the first district court proceeding, Ramirez filed suit against the Director of the OWCP in the Western District of Texas claiming that the OWCP had violated his due process rights in suspending his FECA benefits for failure to submit to a medical examination. The district court found that the OWCP had not deprived Ramirez of due process in suspending his FECA benefits. Ramirez appealed that decision to this court and we affirmed the district court's dismissal of the case. *Ramirez v. Dir., Office of Workers' Comp. Programs*, 102 F. Appx. 384 (5th Cir. 2004) (unpublished).

On October 28, 2004, Ramirez filed a second lawsuit in the district court. In this proceeding, he filed suit against the OWCP and E. Martin Walker, Regional Director for the OWCP. On December 15, 2004, Ramirez also filed suit against Alec J. Koromilas, Colleen Duffy Kiko, David S. Gerson, Willie T.C. Thomas, Michael E. Groom, A. Peter Kanjorski, all members of the ECAB and the Department of Labor.[4] Ramirez alleged that the defendants had denied him equal protection of law and due process because the ECAB failed to review the OWCP's suspension determination and render its own opinion. The district court consolidated these matters on January 13, 2005.

On May 12, 2005, the magistrate judge entered an interlocutory order denying Ramirez's request for discovery and on July 11, 2005, she issued her report and recommendation explaining that

---

[3]As of the date of the filing of Koromilas's motion to dismiss with the district court, Ramirez had received $2,255.00 of wage loss compensation for total disability every four weeks and the only period of compensation for which he has not received retroactive benefits is August 5, 1999, to April 6, 2001.

[4]In both complaints, Ramirez named John Does 1-10 as defendants. The district court dismissed the complaint against the John Does without prejudice as Ramirez failed to identify these defendants within 120 days. Ramirez has not appealed this dismissal.

5

the district court did not have jurisdiction over the merits of his FECA claim. In regard to the equal protection claim, the magistrate judge found that Ramirez had failed to allege any specific facts that he had been intentionally treated differently than any other FECA claimant. Therefore, the magistrate judge determined that Ramirez's equal protection claim was without merit and recommended that the defendant's motion to dismiss on this issue be granted for failure to state a claim. Regarding Ramirez's due process claim, the magistrate judge recommended denial of the motion to dismiss, finding that Ramirez had raised a substantial constitutional question. In evaluating the merits of that issue, however, the magistrate judge found no due process violation because Ramirez had no constitutional right to the ECAB decision. Furthermore, the magistrate judge found that Ramirez had been provided full notice and an opportunity to appeal the OWCP's adverse decision to the ECAB, but failed to do so. The magistrate judge therefore recommended that the defendants' motion for summary judgment be granted on the due process challenge, as there was no issue of material fact. The district court, conducting a de novo review of the magistrate judge's findings, adopted them on September 21, 2005. From that decision, Ramirez appeals.

DISCUSSION

A.      Standard of Review

We review Ramirez's equal protection claim de novo, as the district court dismissed it under Rule 12(b)(6) for failure to state a claim. *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). Rule 12(b)(6) motions are "viewed with disfavor and [are] rarely granted" *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). We will, however, grant such a motion, but "only if it is evident the plaintiff cannot prove any set of facts entitling [him] to relief." *Fin. Acquisition*, 440 F.3d at 286. Furthermore, we view all well-pleaded facts in the light most

6

favorable to the plaintiff; however, the "plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal." *Id*.

This court also reviews de novo the district court's grant of summary judgment on Ramirez's due process claim. *See United Fire & Cas. Co. v. Hixson Bros. Inc.*, --- F.3d ----, 2006 WL 1669877, *1 (5th Cir. June 19, 2006). Summary judgment will withstand scrutiny "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. (citing Fed. R. Civ. P. 56(c)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether there is a genuine issue of material fact, we evaluate all facts "in the light most favorable to the non-moving party." *United Fire*, 2006 WL 1669877, *1.

B.      FECA: a Purely Administrative Remedy

FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees. It provides that "the United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). In order to receive benefits provided for work-related injuries, FECA requires that an employee "submit to examination by a medical officer of the United States, or by a physician designated or approved by the Secretary of Labor,[5] after the injury and as frequently and at the times and places as may be reasonably required." 5 U.S.C. § 8123(a). Subsection (d) of § 8123 further provides that an employees's right to compensation will be suspended if an employee refuses to

---

[5]The Secretary of Labor has the authority to administer and decide all questions arising under FECA. 5 U.S.C. § 8145. FECA also authorizes the Secretary to prescribe rules and regulations necessary for the enforcement and administration of the Act. 5 U.S.C. § 8149.

7

submit to or obstructs a medical examination. 5 U.S.C. § 8123(d). The claimant must, however, be given notice and an opportunity to explain his failure to attend the examination; the OWCP procedures require that the claimant be notified in writing regarding his scheduled medical appointment and the ramifications of his failure to attend. 20 C.F.R. § 10.540.

Once a decision has been made by the OWCP, if a claimant is unhappy with the outcome, FECA provides several avenues for administrative review and potential relief. From the date of decision, the claimant may: 1) within thirty days, request a hearing before an OWCP hearing representative or request that the representative review the written record, 5 U.S.C. § 8124; 2) within thirty days, request reconsideration, 5 U.S.C. § 8128; or 3) within one year, file an appeal with the ECAB. 20 C.F.R. § 501.

Accordingly, we conclude that Congress provided a remedy via FECA that is exclusively administrative. *See* 5 U.S.C. § 8121(b); 5 U.S.C. § 8128(b). Furthermore, the Supreme Court has stated that "[Through FECA] employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983). Therefore, the Secretary's decisions regarding benefit determinations pursuant to FECA are not subject to judicial review. *Grijalva v. United States*, 781 F.2d 472, 474 (5th Cir. 1986).

C. The Exception under FECA allowing Judicial Review

We have, however, recognized a limited exception to FECA's preclusion of judicial review–courts are not precluded from considering substantial constitutional claims. *Garner v. U.S. Dep't of Labor*, 221 F.3d 822, 825 (5th Cir. 2000). Merely affixing a constitutional label to an otherwise precluded claim, however, will not suffice. *See Bell v. Hood*, 327 U.S. 678, 682-83 ("[A]

8

suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.")

Keeping these considerations in mind, we affirm the district court's dismissal of this case, holding that Ramirez is prohibited from challenging the merits of the Department of Labor's decision to suspend his compensation benefits, as such review on the merits of any aspect of his claim is precluded under 5 U.S.C. § 8128(b). He had the opportunity to appeal the OWCP's decision to the ECAB, but he did not do so. As for Ramirez's claim that the ECAB violated his constitutional rights to due process and equal protection in the administration of his claim by failing to conduct an appellate review and render a decision regarding the suspension of his FECA benefits, we also agree with the district court. Our conclusion, however, requires additional analysis.

D. Ramirez's Constitutional Claims

   *1. Equal Protection*

Ramirez argues that ECAB made "him wait more than five (5) years" and continues to do so "without reviewing the administrative record of the case . . . in violation of his civil rights 42 U.S.C. [§] 1983." A viable equal protection claim, however, must allege that similarly situated persons were intentionally treated differently and the facts pled must be specific. *Stoneburner v. Sec'y of the Army*, 152 F.3d 485, 491 (5th Cir. 1998). Here, Ramirez states that he was treated differently than other similarly situated federal employees, but he fails to set forth any substantial cognizable constitutional challenge sufficient to overcome FECA's preclusion of review; Ramirez does not present a fact, statute, regulation, or case to support his position that he was treated differently than other similarly

9

situated federal employees. Accordingly, we hold that the district court properly dismissed Ramirez's equal protection claim.

### 2. Due Process

In evaluating Ramirez's due process claim, we note that "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Ramirez complains that after the OWCP rendered its decision suspending his benefits, the ECAB failed to review his case and render its own decision. As the district court held, however, Ramirez, after due notice, having failed to timely appeal his OWCP decision to the ECAB, had no such constitutional right to receive a decision from the ECAB. Ramirez was given timely notice and an opportunity to be heard regarding the suspension of his benefits prior to the disposition of his case; he was 1) told the consequences of not reporting for his medical examinations; 2) notified after he failed to attend his medical examinations that his benefits would be suspended unless he provided an explanation within fourteen days; 3) informed, after his benefits were suspended, of all rights available to him to challenge this determination; and 4) advised in the OWCP's decision that he could seek further review, by means of reconsideration or appeal to the OWCP. Ramirez did not heed the government's advice–he did not attend his medical examinations, provide an explanation within fourteen days or timely appeal the decision of the OWCP. Therefore, because the record is clear that Ramirez was afforded meaningful notice and opportunity at each step leading to the ultimate suspension of his benefits, we agree with the district court's determination that Ramirez's due process

10

complaint has no basis in fact or law, even though, as Koromilas asserts, it is cloaked in constitutional garb.[6]

E. Denial of Ramirez's Request for Discovery

Finally, we hold that the magistrate judge did not err in denying Ramirez's discovery request, as discovery was unnecessary prior to ruling on the defendants' motion to dismiss and motion for summary judgment. Ramirez states that a "discovery plan are [sic] required in responding to defendants-appellees' motion for summary judgment to prove the said continuous . . . conduct against Ramirez was applied only to him in violation of his civil rights 42 U.S.C. [§] 1983." Ramirez, however, had a certified copy of the entire agency record made available to him via his first proceeding in the district court against the Department of Labor. This same information was also accessible under the Privacy Act. Furthermore, before the ECAB, Ramirez failed to articulate any legitimate basis for his need for discovery. To succeed in his claim, Ramirez "must show how the additional discovery will defeat summary judgment and create a genuine dispute as to a material fact." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285-86 (5th Cir.1990). Ramirez has not made such a showing. Accordingly, we affirm the magistrate judge's decision to deny discovery.

CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[6]Courts of Appeals that have considered this issue have unanimously found that the post-deprivation remedies available to FECA claimants are sufficient to assure that claimants receive adequate due process, even in situations where there were violations of OWCP procedures prior to the termination of FECA benefits. *Raditch v. United States*, 929 F.2d at 478, 480 (9th Cir. 1991); *Lepre v. Dep't of Labor*, 275 F.3d 59, 74 (D.C. Cir. 2001); *Suto v. Fleishman*, 164 F.3d 820, 825 (2nd Cir. 1999) (each holding that the administrative remedies available pursuant to FECA fully accord with the requirements of due process and, as a result, in each instance the federal courts lacked jurisdiction to review any alleged deprivation of the complainant's property.)