United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-51434
Summary Calendar

NATHANIEL HARVEY,

Plaintiff-Appellant,

versus

JOHN E.  POTTER, Postmaster General,
JOHN MOSBY, ELAINE  CHAO,
Secretary, United States Department of Labor,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(05-CV-133)

Before  STEWART, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

The issue before this court is whether the district court properly dismissed Nathaniel Harvey's

workers' compensation claims against the United States Department of Labor for lack of subject

matter jurisdiction.  Because Congress has expressly limited judicial review of federal employee

workers' compensation claims to only those cases involving substantial constitutional issues, we

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Harvey filed an employment discrimination suit against the United States Postal Service ("USPS"), a claim against private attorney John Mosby because he failed to include him in a class action suit, and workers' compensation claims against the USPS and the Department of Labor.

The district court dismissed all of Harvey's claims. The court found that Harvey was not entitled to relief under the *Glover/Albrecht* class action handled by Mosby. The district court also held that it lacked subject matter jurisdiction for Harvey's remaining claims. Harvey also appeals the court's decision regarding his claim for workers' compensation benefits.

Harvey started employment with the USPS in 1978. In 1983, Harvey suffered an on-the-job injury requiring surgery. As a result of his injury, Harvey was granted compensation for disability (lost wages) until August 5, 1995, when he rejoined the USPS on a limited basis. After his disability payments were eliminated, Harvey appealed to the Office of Workers' Compensation Programs ("OWCP"). Although the USPS discontinued his disability payments in 1995, Harvey's medical compensation and treatment have never ceased.

In 1999, Harvey retired from the USPS. Between the time he rejoined the USPS in 1995 and 2002, Harvey's claims were litigated within the regulatory framework for federal employee workers' compensation claims under the Federal Employee's Compensation Act ("FECA"), 5 U.S.C. § 8145 (2006). Under the FECA, Harvey's disability claims were repeatedly denied by the OWCP and the Employees Compensation Appeals Board ("ECAB"), but his ability to receive medical compensation was repeatedly affirmed contingent upon his completing the necessary paperwork. Harvey has not completed the paperwork but continues to receive medical compensation and

2

treatment.

<u>DISCUSSION</u>

Harvey appeals the district court's decision regarding his workers' compensation claims. A district court's decision dismissing for lack of subject matter jurisdiction is reviewed de novo by this court. *Lee v. Gonzales*, 410 F.3d 778, 780 (5th Cir. 2005).

Harvey alleges that the medical treatment he is currently receiving is insufficient. Thus, Harvey's only cognizable claim is against the Department of Labor, as the USPS had no authority to review workers' compensation claims. Congress, through FECA and the Department of Labor, has set up an extensive administrative structure to adjudicate federal employee workers' compensation claims. Harvey has extensively litigated his workers' compensation claims under FECA and was denied disability but granted continual medical compensation and treatment contingent upon him completing administrative forms. Harvey alleges that his injuries require more intense medical care than has been provided.

Congress has placed exclusive jurisdiction in the Department of Labor under FECA to handle federal employee workers' compensation claims. *See*, *e.g.*, 5 U.S.C. § 8116(c) (2006); *Benton v. United States*, 960 F.2d 19, 22 (5th Cir. 1992). Nevertheless, this court does have the authority to review claims where a substantial constitutional wrong is alleged. *Garner v. United States Department of Labor*, 221 F.3d 822, 825 (5th Cir. 2000). Because Harvey's workers' compensation claims do not rise to the level of a substantial constitutional wrong, the district court lacked subject matter jurisdiction. "The government does not violate the Constitution every time it mistakenly denies a claim for benefits." *Czerkies v. United States Department of Labor*, 73 F.3d 1435, 1443 (7th Cir. 1996).

3

## CONCLUSION

Accordingly, we AFFIRM the district court's dismissal for lack of subject matter jurisdiction.

AFFIRMED.