# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-60342
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2018

Lyle W. Cayce
Clerk

STEPHEN B. MUNN,

      Plaintiff - Appellant

v.

UNITED STATES DEPARTMENT OF LABOR; OFFICE OF WORKERS'
COMPENSATION PROGRAMS; DIVISION OF FEDERAL EMPLOYEES
COMPENSATION; R. ALEXANDER ACOSTA, SECRETARY,
DEPARTMENT OF LABOR, Individually and in his Official Capacity;
BRIAN KENNEDY, Assistant Secretary of Labor, OWCP/DFEC Individually
and in his Official Capacity; LEONARD J. HOWIE, III, Director of Office of
Worker's Compensation Programs, Individually and in his Official Capacity;
DOUGLAS FITZGERALD, Director of Division of Federal Employee
Compensation, Individually and in his Official Capacity; TISHA CARTER,
District 6 Regional Manager, Individually and in her Official Capacity (JAC);
RAMONA BROWN, Senior Claims Examiner, Individually and in her Official
Capacity; SHARON DAWKINS, Claims Examiner, Individually and in her
Official Capacity; UNITED STATES ATTORNEY GENERAL,

      Defendants - Appellees

————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CV-151

————

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

No. 17-60342

PER CURIAM:[*]

Stephen B. Munn appeals the dismissal of his claims against the Department of Labor, Office of Workers Compensation Programs (OWCP), and seven individual defendants, arising out of the denial of his claim for benefits under the Federal Employees Compensation Act (FECA).  We AFFIRM.

I.

In May 1998, while employed as a Special Agent in the Diplomatic Security Service with the United States Department of State, Munn was injured during a training exercise when he fell on his head after being dropped by another agent.  He received first aid and a medical evaluation, and a report of the injury was completed.  The report noted neuropathy in his hands, a contusion to his forehead, and severe pain in his right thumb.  Munn retired from the State Department in 2001.

In 2005, after medical imaging identified an area of spinal cord injury in the cervical region of Munn's neck, Munn's neurosurgeon concluded that the symptoms Munn had been experiencing since 2003 were caused by his 1998 work-related injury.  Munn notified the Medical Unit of the State Department and was told (erroneously) that medical treatment was not authorized because a claim had not been filed within three years of the injury.

In 2013, during the process of applying for Social Security disability benefits, Munn learned that he was eligible to apply for FECA benefits.  On February 6, 2013, Munn submitted a claim for FECA benefits to the OWCP.  On February 20, OWCP informed him by letter that the agency was not able to identify a federal injury claim associated with his name.  He resubmitted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his application for benefits on March 5, 2013. On July 13, 2013, OWCP notified Munn that his application was being returned because the employing agency portion was not complete. Munn contacted the State Department, which completed and forwarded Munn's claim to OWCP. In February 2014, at OWCP's request, Munn's doctor provided a report which included a statement that Munn's condition was caused by the 1998 injury.

On February 19, 2014, OWCP Claims Examiner Dawkins denied Munn's claim for benefits because he (1) failed to file the claim within three years of injury; and (2) failed to notify his immediate supervisor of the injury within 30 days. Munn appealed. OWCP conducted a hearing at which Munn presented additional medical evidence, including a 2005 x-ray revealing a spinal fracture and crushed/compressed vertebrae. On December 4, 2014, the OWCP Hearing Representative reversed Claims Examiner Dawkins's decision, ruling that Munn had given timely notice of the injury and had timely filed a claim. The case was remanded to the OWCP exams unit and assigned to Claims Examiner Dawkins.

On December 16, 2014, Dawkins issued a second notice of decision, denying the claim because Munn did not present any evidence, contemporaneous to the date of injury, of a medical diagnosis signed by a medical doctor rather than a nurse or nurse practitioner. Munn appealed again. A hearing was conducted in July 2015. Following the hearing, at the request of the Hearing Representative, Munn's doctors submitted additional medical evidence. That September, the Hearing Representative remanded the case to OWCP for further development concerning causation, requesting specifically that the doctors explain why no medical treatment was required from 1999 to 2003.

On February 3, 2016, Munn filed supplemental medical information regarding causation in response to the Hearing Representative's request. On

No. 17-60342

February 22, 2016, OWCP Senior Claims Examiner Brown issued a notice of decision, stating that the evidence was insufficient to support Munn's claim that his condition was caused by the 1998 injury.

In May 2016, Munn filed a complaint against the Department of Labor (DOL), the OWCP, the Division of Federal Employees Compensation, and seven DOL officials, in both their individual and official capacities. He sought judicial review, declaratory and injunctive relief regarding his FECA claim under the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-708. He claimed that the agency violated due process and statutory and regulatory standards when processing his claim for FECA benefits. He sought monetary relief against the individual defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), based on the same alleged due process violations.

The district court dismissed Munn's APA claims for lack of jurisdiction and dismissed his *Bivens* claims for failure to state a claim upon which relief could be granted. Munn timely appealed.

II.

Munn argues that the district court had jurisdiction over his APA claims because he alleged substantial constitutional violations of due process and violations of clear federal statutory and regulatory mandates. He maintains that he is not seeking review of the denial of FECA benefits, but is, instead, claiming that he was denied due process in the handling of his claim for such benefits.

FECA is a comprehensive workers' compensation scheme for federal civilian employees. The Secretary of Labor has the authority to administer and decide all questions arising under FECA. *See* 5 U.S.C. § 8145. The Secretary has delegated to the Director of the OWCP the responsibility for administering and implementing FECA. The OWCP's decisions can be

4

appealed to the Employees' Compensation Appeals Board (ECAB), an appellate division of the Department of Labor.  5 U.S.C. § 8149.  However, the statute prohibits judicial review of the Secretary's decisions.  *See* 5 U.S.C. § 8128(b) (stating that the "action of the Secretary . . . in allowing or denying a payment" of FECA benefits is "final and conclusive for all purposes and with respect to all questions of law and fact" and "not subject to review by another official of the United States or by a court by mandamus or otherwise.").

This Court has recognized a limited exception to the prohibition of judicial review:  a federal court may exercise jurisdiction to consider a substantial constitutional claim, such as a claim that the agency's procedures violated due process.  *Garner v. United States Department of Labor*, 221 F.3d 822, 825 (5th Cir 2000).  Some other courts have recognized a second exception for claims that the agency violated a clear statutory mandate.  *See Woodruff v. U.S. Dep't of Labor, Office of Workers Comp. Programs*, 954 F.2d 634, 639 (11th Cir. 1992).  Even if § 8128 does not bar judicial review, the claimant cannot obtain substantive relief or money damages.  *See Czerkies v. United States Department of Labor*, 73 F.3d 1435, 1439 (7th Cir. 1996) (en banc).

We hold that the district court did not err by dismissing Munn's APA claims for lack of subject matter jurisdiction based on the statutory prohibition of judicial review.  Munn has not alleged a colorable due process claim.  The relief Munn requests goes to the merits of his FECA claims, rather than the procedures by which those claims were adjudicated.  Even if we assume that Munn had a property interest in his claim for FECA benefits, the record demonstrates that the process Munn received did not violate his constitutional rights.  He received two hearings and took two appeals, and thus was given a meaningful opportunity to present his evidence, arguments, and objections.  "The fundamental requirement of due process is an opportunity to be heard at a meaningful time and in a meaningful manner."  *Matthews v. Eldridge*, 424

U.S. 319, 333 (1976).  Although Munn's claims are expressed in constitutional terms, the essence of his complaint is that the agency erred in assessing the evidence and denying his claim for benefits.  "The government does not violate the Constitution every time it mistakenly denies a claim for benefits." *Czerkies*, 73 F.3d at 1443.

Even if we assume that there is an exception to the statutory prohibition of judicial review if the agency violates a clear statutory mandate, the district court did not err by holding that the exception does not apply here.  Munn contends that the evidence that he submitted *required* the agency to award him benefits.  But he has not identified a specific and unambiguous statutory command or directive that prohibited the agency from assessing his evidence to determine whether he is entitled to FECA benefits.

Munn's *Bivens* claims against the individual defendants are based on the same alleged due process violations he relied on for his APA claims.  Because Munn failed to allege a colorable due process claim, the district court did not err by holding that Munn failed to state a *Bivens* claim upon which relief could be granted.

### III.

In sum, we hold that the district court did not err by dismissing Munn's APA claims, because his challenge to the denial of FECA benefits is barred by the statute's prohibition of judicial review.  The court also did not err by dismissing Munn's *Bivens* claims against the individual defendants because Munn failed to state a colorable claim that the defendants violated his due process rights.  Accordingly, the judgment of the district court is

AFFIRMED.