John A. CONCORDIA,
Plaintiff-Appellant,

v.

The UNITED STATES POSTAL SERVICE, an executive sub-division of the United States of America, Defendant-Appellee.

Nos. 76–3587, 76–3662.

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1978.

Robert Orseck, Joel D. Eaton, Rossman & Baumberger, Stephen F. Rossman, Miami, Fla., for plaintiff-appellant.

Robert W. Rust, Jack V. Eskenazi, U. S. Attys., Miami, Fla., Leonard Schaitman, Asst. Chief, Appellate Section, John F. Cordes, Jr., Ronald R. Glancz, Attys., Barbara Allen Babcock, Asst. Atty. Gen., Civil Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

ON PETITION FOR REHEARING

Before BROWN, Chief Judge, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

Appellant John Concordia seeks rehearing and clarification of this Court's opinion in *Concordia v. United States*, 5 Cir., 1978,

581 F.2d 439. While he does not challenge the correctness of our basic holding, he asks that we further hold that his filing a claim under the Federal Tort Claims Act (FTCA)[1] tolled the running of the five-year period within which the Secretary of Labor may waive compliance with the statute of limitations[2] for claims brought under the Federal Employees' Compensation Act (FECA).[3] Notwithstanding the strong equities involved in Mr. Concordia's case, we do not have the power to grant expressly the relief he presently requests. The petition for rehearing is therefore denied.

We emphasize, however, the holding in our original opinion, that the Secretary must, regardless of whether he ultimately allows the claim,[4] determine on its merits whether the FTCA or the FECA covers Mr. Concordia's injury. This is not a determination by the Secretary after he has potentially lost all power over the case, for our holding is that he must determine whether the FTCA or FECA covers this claim. The later potential question of whether to allow the claim under the FECA is left to the Secretary.

1. 28 U.S.C.A. §§ 1346, 2671 *et seq.*

2. 5 U.S.C.A. § 8122.

3. 5 U.S.C.A. § 8101 *et seq.*

4. *Cf. American Pipe & Construction Co. v. Utah,* 1974, 414 U.S. 538, 558, 38 L.Ed.2d 713, 729, 94 S.Ct. 756, 768; *Burnett v. New York Central R. Co.,* 380 U.S. 424, 13 L.Ed.2d 941, 85 S.Ct. 1050.