IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-20108
Summary Calendar

JOHNNY JERMAINE SMITH

Plaintiff - Appellant

v.

JIM NICHOLSON, SECRETARY, DEPARTMENT OF VETERANS
AFFAIRS; HOUSTON VETERANS AFFAIRS MEDICAL CENTER

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1640

Before JONES, Chief Judge, and STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Johnny Jermaine Smith brought this claim against his employer under the Privacy Act, 5 U.S.C. § 522a, et seq. Because the Secretary of Labor has determined that Smith's injuries are covered by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, et seq., the district court was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without jurisdiction to entertain Smith's Privacy Act claim. We affirm the district court's dismissal.

FACTS

At all relevant times Smith, a veteran, was employed at the Houston VA Medical Center. One day in March 2006, after reporting to work, Smith found himself in need of emergency medical care. He was hospitalized for approximately five days. Around this time, Smith alleges that his co-workers at the VA Medical Center accessed his medical records without authorization and disclosed his personal information to others. Smith claims to have suffered physical and mental injuries as a result.

Smith filed this Privacy Act claim in district court on May 12, 2006. Defendants filed a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. Defendants argued that because Smith's injuries arose in the context of his employment, his sole remedy was under FECA, and he would have to pursue his claims with the Secretary. On May 15, 2007, the district court denied the motion to dismiss, but found a substantial question as to whether FECA governed Smith's claims. The district court ordered this action held in abeyance pending the Secretary of Labor's determination whether FECA applied.

Shortly after the district court issued its abatement ruling, it came to light that Smith had already filed a claim for FECA benefits on May 22, 2006, only days after filing his Privacy Act lawsuit. In his FECA claim, Smith had complained that "supervisors and co-workers gave out my mental health diagnosis to other co-[wo]rkers." The Secretary disallowed Smith's FECA claim for insufficient evidence on July 5, 2006. Smith did not seek reconsideration by the Secretary, and the decision became final during the pendency of this action.

The district court ruled that the Secretary's decision was a denial of Smith's claim on the merits, not a determination that Smith's claims were outside FECA's coverage. Because the Secretary's exercise of jurisdiction over

Smith's claim precluded any other remedy, the district court dismissed Smith's Privacy Act claim for lack of jurisdiction. Smith appeals.

DISCUSSION

FECA functions as a federal workers' compensation act, providing coverage for personal injury sustained in the performance of an employee's duties. 5 U.S.C. § 8102(a). When a federal employee's injury falls within the scope of FECA, FECA is exclusive of any other remedy. White v. United States, 143 F.3d 232, 234 (5th Cir. 1998); Bailey v. United States, 451 F.2d 963, 965 (5th Cir. 1971) (noting that FECA is "intended to serve as a substitute rather than a supplement for the tort suit"). Congress has given the Secretary of Labor exclusive authority to administer FECA and to decide all questions arising under FECA, including the question of coverage. 5 U.S.C. § 8145; White, 143 F.3d at 237. The actions of the Secretary in allowing or denying payment of benefits under FECA are "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(2). As the Supreme Court has explained, "FECA contains an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage. Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies." Sw. Marine, Inc. v. Gizoni, 502 U.S. 81, 90 (1992) (internal citations and quotation omitted).

Because the Secretary has sole authority to administer FECA, the courts' jurisdiction in this area is limited to determining whether a "substantial question" of coverage under FECA exists. White, 143 F.3d at 234. As a rule, there is a substantial question of coverage unless it is certain as a matter of law that the Secretary would find the claim outside the scope of FECA. Id.; Concordia v. United States Postal Service, 581 F.2d 439, 442 (5th Cir. 1978). If there is a "substantial question," a plaintiff cannot pursue a tort action unless

he first obtains a determination from the Secretary that FECA does not apply. Bennett v. Barnett, 210 F.3d 272, 277 (5th Cir. 2000); Bailey, 451 F.2d at 965. If the Secretary concludes that a claim is governed by FECA, the courts have no jurisdiction either to review that determination or to consider the underlying claim. Id.; SW Marine, 502 U.S. at 90. This is true whether or not the Secretary ultimately allows benefits under FECA. 5 U.S.C. § 8128(b); Bennett, 210 F.3d at 277; see also Tippetts v. United States, 308 F.3d 1091, 1094 (10th Cir. 2002).

In this case, our review is curtailed because the Secretary exercised jurisdiction over Smith's claim before the district court even reached the matter. Smith argues that the district court erred in finding a substantial question as to FECA coverage. This point is moot. By the time the district court considered the issue, Smith had already (unbeknownst to the court) submitted his claim to the Secretary, who denied it, not for lack of coverage, but for insufficient proof. This court has determined that such a denial is conclusive as to FECA coverage: "By ruling on the sufficiency of the evidence, the Secretary thought coverage existed. Thus, the district court did not have jurisdiction to try the claim." Bennett, 210 F.3d at 277 and n.7 ("Had the Secretary of Labor agreed with [plaintiff], the Secretary would have dismissed the claim for lack of coverage; however, the dismissal was based on lack of proof."). As in Bennett, the Secretary's denial of Smith's claim on the merits is fatal to his federal court action.

Smith complains that he was "ill-advised as to the Application of FECA and the Privacy Act to his claims." Smith's reasons for seeking FECA benefits from the Secretary are irrelevant. See Grijalva v. United States, 781 F.2d 472, 474 (5th Cir. 1986). In Grijalva the Secretary's prior determination of FECA coverage precluded plaintiff's subsequent tort action. Id. In an effort to undermine the Secretary's determination, the plaintiff argued that "the accident affected her mental capacity and made her incapable of submitting an informed

and voluntary application for benefits." Id. The Grijalva court dismissed this argument as immaterial: "Regardless of her mental capacity at the time she sought [FECA] benefits, she did so." Id. If the plaintiff in Grijalva wished to contest her eligibility under FECA, she was required to seek review from the Secretary. Id. (citing 5 U.S.C. § 8128(a)). So here. If Smith believed the Secretary's determination was in error, his recourse was to the Secretary. This court is without power to order the relief he seeks.

We emphasize that we are not deciding whether Smith's injuries are covered under FECA. See White, 143, F.3d at 238. Smith filed a FECA claim for these injuries with the Secretary, and the Secretary found FECA applicable. That decision precludes any further action on Smith's Privacy Act claims. The judgment of the district court dismissing for lack of jurisdiction is AFFIRMED.